## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES MONTE ROYALL,<br>12703 Radburn Place<br>Fort Washington, MD 20744<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CARL HILLARD<br>3101 N. Hampton, #1517<br>Alexandria, VA 22302<br><br>and<br><br>ECKERD YOUTH ALTERNATIVES,<br>INC. DBA ECKERD CONNECTS, 100<br>Starcrest Drive<br>Clearwater, FL 33765,<br><br>　　　　　Defendants. | No. 1:24-CV-820 |

## STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendants Carl Hilliard ("Hilliard") and Eckerd Youth Alternatives, Inc., d/b/a Eckerd Connects ("Eckerd"), hereby submit their Statement of Points and Authorities in Support of Defendants' Motion to Dismiss the Complaint brought by Plaintiff Charles Monte Royall ("Royall") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### I.　　Introduction

Royall filed suit against Hilliard and Eckerd for purported defamation.  To bring a claim for defamation, a plaintiff must plead "that the defendant made a false and defamatory statement concerning the plaintiff." *LeFande v. D.C.*, 864 F. Supp. 2d 44, 51 (D.D.C. 2012).  A plaintiff must also plead the purported defamatory statement is either defamatory as a matter of law – that is, is defamatory "*per se*" – or that it caused the plaintiff special harm. *Lefande*, 864 F. Supp. 2d

at 51. Royall's claim fails because he has not alleged that anyone made a false, defamatory statement concerning him, has not pled that anyone made any statements that could constitute defamation *per se*, and has not alleged any special harm. For these reasons and the reasons that follow, the Court should dismiss Royall's claim.

## II. Factual Background

On February 26, 2024, Royall filed the instant lawsuit against Hilliard and Eckerd in the Superior Court of the District of Columbia. (ECF No. 1-2.) Royall's Complaint has two claims, both for defamation based on the same alleged statement by Hilliard. Specifically, Royall alleges that Hilliard, within the scope of his employment with Eckerd, said in a meeting "some gays guys [sic] took a case to the Supreme Court and they won. The Department of Labor [DOL] is having an [i]nduction [c]eremony for them on October 18th. Mr. Royall, I want you to handle this. I plan to spend $1,500 on food." (ECF No. 1-2 at 5 (emphasis in original).) Royall claims that this purported statement "outed the Plaintiff [Charles Monte Royall] as a [h]omosexual/[g]ay," which Royall asserts is both defamatory *per se* and caused Royall $100,000 in damages. (*Id.* at 5, 9.)

On March 21, 2024, Eckerd and Hilliard removed this case to federal court because the parties are diverse and over $75,000 is at issue. (ECF No. 1.)

## III. Argument

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows for a case to be dismissed for "failure to state a claim upon which relief may be granted." To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In deciding a motion to dismiss, although the Court must accept well-pled facts as true, the Court need not accept as true mere legal conclusions. *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

Hilliard and Eckerd are mindful of the fact that Royall is proceeding *pro se*, and that "[t]he pleadings of pro se parties are to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Williams v. Bank of New York Mellon*, 169 F. Supp. 3d 119, 123–24 (D.D.C. 2016) (quotation marks omitted). "However, even though a *pro se* complaint must be liberally construed, the complaint must nonetheless "present a claim on which the court can grant relief." *Id.* (quotation marks omitted).

### B.  Royall Has Not Pled A Defamation Claim

"To establish a defamation claim in the District of Columbia, a plaintiff must show (1) that the defendant made a false and defamatory statement concerning the plaintiff; (2) that the defendant published the statement without privilege to a third party; (3) that the fault of the defendant in publishing the statement amounted to at least negligence; and (4) either that the statement was actionable as a matter of law irrespective of special harm or that its publication caused the plaintiff special harm." *LeFande*, 864 F. Supp. 2d at 51 (citing *Jankovic v. Int'l Crisis Grp.*, 494 F.3d 1080, 1088 (D.C. Cir. 2007)). Royall has not pled the first element of this cause of action, namely, that either Hilliard or Eckerd made a false or defamatory statement about him. Royall also does not plead a case for defamation *per se*, nor does he allege any facts showing he suffered harm because of the alleged defamation. Accordingly, the Court should dismiss the Complaint.

### 1.   Royall Has Not Pled That Either Defendant Made a False Statement About Royall

"District of Columbia courts have held that a defamation claim survives a Rule 12(b)(6) motion to dismiss only if 'the contested statements are both verifiable and reasonably capable of defamatory meaning.'" *Franklin v. Pepco Holdings, Inc. (PHI)*, 875 F. Supp. 2d 66, 74 (D.D.C. 2012) (quoting *Weyrich v. New Republic, Inc.,* 235 F.3d 617, 620 (D.C. Cir. 2001)).  The contested statements here fail to satisfy either prong of the analysis.

With respect to verifiability, for a statement to be "false" it must be "a statement of fact capable of being proved or rebutted."  *Carpenter v. King*, 792 F. Supp. 2d 29, 36–37 (D.D.C. 2011), aff'd, 473 F. App'x 4 (D.C. Cir. 2012).   In his Complaint, Royall points to only one purported false statement.  Specifically, Royall alleges that, during a meeting, Hilliard, while acting within the scope of his employment with Eckerd, stated "the following: 'some gays guys [sic] took a case to the Supreme Court and they won.  The Department of Labor [DOL] is having an [i]nduction [c]eremony for them on October 18th.  Mr. Royall, I want you to handle this.  I plan to spend $1,500 on food.'"  (ECF No. 1-2 at 5 (emphasis in original).)  Royall alleges that Hilliard said this "expressing absolute anger, and his disapproval."  (*Id.*)

This alleged statement cannot possibly be false as to Royall.  The only reference to Royall is in a sentence where Hilliard speaks about Hilliard's own intention of having Royall "handle" a ceremony for some successful "gay[]" Supreme Court plaintiffs.  There is nothing said ***about Royall*** that is capable of being proven true or false.  If a statement cannot be proven true or false, it is by its nature not "of fact," and cannot be defamatory.  *E.g., Carpenter*, 792 F. Supp. 2d at 36-37 ("such a statement would not be actionable since it would not be a statement of fact capable of being proved or rebutted").

Royall may argue – as he appears to do in his complaint – that hidden inference behind the actual words allegedly said there was an intent to "out" Royall "as [h]omosexual/[g]ay." (ECF No. 1-2 at 5.) While it is possible to bring a claim for "defamation by implication" – that is, defamation that "stems not from what is literally stated but from what is implied," *Deripaska v. Associated Press*, 282 F. Supp. 3d 133, 148 (D.D.C. 2017) – Royall has not pled a claim for defamation by implication. A claim for defamation by implication cannot "be manufactured from words not reasonably capable of sustaining such meaning." *Id.* (quoting *White v. Fraternal Order of Police*, 909 F.2d 512, 518 (D.C. Cir. 1990)). It would be wholly unreasonable to interpret Hilliard's alleged statement as implying that Royall is gay. Accordingly, Royall has not pled the "false statement" element of his claim.

### 2. Royall Has Not Pled That Either Defendant Made a Defamatory Statement About Royall

Royall has also not pled that anyone made any statement that was defamatory. For a statement to be "defamatory," it must "tend[] to injure the plaintiff in his trade, profession or community standing, or lower him in the estimation of the community." *Clawson v. St. Louis Post-Dispatch, L.L.C.*, 906 A.2d 308, 313 (D.C. 2006) (quoting *Moss v. Stockard*, 580 A.2d 1011, 1023 (D.C. 1990)); *see also Farah v. Esquire Mag.*, 736 F.3d 528, 534 (D.C. Cir. 2013) ("A statement is 'defamatory' if it tends to injure the plaintiff in his trade, profession or community standing, or to lower him in the estimation of the community."). For a statement to "tend to injure," "an allegedly defamatory remark must be more than unpleasant or offensive; the language must make the plaintiff appear odious, infamous, or ridiculous." *Clawson*, 906 A.2d at 313 (quoting *Howard Univ. v. Best*, 484 A.2d 958, 989 (D.C. 1984)).

Nothing allegedly said about Royall makes him appear odious, infamous, or ridiculous. Indeed, even if Royall pled that Hilliard stated something along the lines of "Royall is a

homosexual" or "Royall is gay," which he did not, that also would not support a defamation claim because such a statement cannot be "defamatory," at least in modern times.  While there are certainly elements of society that harbor prejudice against homosexuals, "the existence of this continued prejudice" does not "lead[] to the conclusion that there is a widespread view of gays and lesbians as contemptible and disgraceful" as would be required for a finding that an assertion of homosexuality is "defamatory."  *Stern v. Cosby*, 645 F. Supp. 2d 258, 275 (S.D.N.Y. 2009); *see also Murphy v. Millennium Radio Grp. LLC*, No. 08-CV-1743, 2010 WL 1372408, at *7 (D.N.J. Mar. 31, 2010), vacated on other grounds, 650 F.3d 295 (3d Cir. 2011) ("[I]t appears unlikely that the New Jersey Supreme Court would legitimize discrimination against gays and lesbians by concluding that referring to someone as homosexual 'tends so to harm the reputation of that person as to lower him in the estimation of the community as to deter third person from associating or dealing with him.'  Consequently, that part of Plaintiff's defamation claim alleging that Defendants implied that Plaintiff was homosexual fails.").  Since Royall has not pled any defamatory statement, the Court should dismiss the Complaint.  *See Clawson*, 906 A.2d at 316-17 (false allegation that a person was a government information was not defamatory because being a government informant does not mean one "is perceived as 'odious, infamous and ridiculous.'") (quoting *Klayman v. Segal,* 783 A.2d 607, 618 (D.C. 2001)).

### 3.      Royall Has Not Alleged Defamation *Per Se*

In addition to not alleging any actionable statement by either Hilliard or Eckerd, Royall has not alleged the fourth element of his defamation claim, that the defamation was either defamation *per se* or that he suffered injury as a result of alleged defamation.

"Defamation *per se* . . . occurs when a defendant makes a statement so likely to cause degrading injury to the subject's reputation that proof of harm is not required to recover

compensation." *Safex Found., Inc. v. Safeth, Ltd.*, 531 F. Supp. 3d 285, 306 (D.D.C. 2021) (citing *Franklin*, 875 F. Supp. 2d at 75; *Carey v. Piphus*, 435 U.S. 247, 262 (1978)) (ellipses and quotation marks omitted).  It is "reserved for statements linking an individual to the category of persons 'deserving of social approbation' like a 'thief, murderer, prostitute, etc.'" *Albright v. Morton*, 321 F. Supp. 2d 130, 139 (D. Mass. 2004), *aff'd sub nom. Amrak Prods., Inc. v. Morton*, 410 F.3d 69 (1st Cir. 2005) (quoting *Hayes v. Smith*, 832 P.2d 1022, 1025 (Colo. Ct. App. 1991)).  Accordingly, its "essence . . . is the publication by spoken words of false statements imputing to a person a criminal offense; a loathsome disease; matter affecting adversely a person's fitness for trade, business, or profession; or serious sexual misconduct." *Carey*, 435 U.S. at 262 n.18.

It is certainly true, as Royall alleges in his Complaint, that "the imputation of homosexuality was ***historically*** [d]efamatory *per se*."  (ECF No. 1-2 at 2 (quoting *Garcia v. MAC Equip., Inc.*, 2011 WL 4345205, at *13 (S.D. Tex. Sept. 15, 2011)) (emphasis added).)  As the court in *Garcia* – a case relied on by Royall – itself observed, the reason an assertion of homosexuality was ***historically*** considered defamatory *per se* is "because it was tantamount to sodomy, which was then criminal," and "[f]alse imputation of criminal behavior is *per se* defamatory." *Garcia*, 2011 WL 4345205 at *13.  But after the Supreme Court held in *Lawrence v. Texas*, 539 U.S. 558 (2003), that anti-sodomy laws are unconstitutional, courts have repeatedly held that a false accusation of homosexuality is no longer defamatory *per se* because homosexual activity is no longer criminal.  *Laguerre v. Maurice*, 192 A.D.3d 44, 52 (N.Y. App. 2020); *Cornelius-Millan v. Caribbean Univ., Inc.*, 261 F. Supp. 3d 143, 156 (D.P.R. 2016); *Carvajal v. Pride Indus., Inc.*, No. 10-CV-2319, 2013 WL 1728273, at *12 n.7 (S.D. Cal. Apr. 22, 2013); *Yonaty v. Mincolla*, 97 A.D.3d 141, 144 (N.Y. App. 2012); *Albright*, 321 F. Supp. 2d at 138; *see also Garcia*, 2011 WL 4345205 at *13.  Since homosexual behavior is no longer criminal, and

because it does not fit into any of the other categories of defamation *per se*, *i.e.*, "a loathsome disease; matter affecting adversely a person's fitness for trade, business, or profession; or serious sexual misconduct," the Court should find that a false accusation is not defamatory *per se*.

In addition to false accusations of homosexuality not being defamatory *per se* because homosexuality is no longer criminal, there are strong public policy reasons to find that false accusations of homosexuality are no longer defamatory *per se*.  Holding that false accusations of homosexuality are defamatory *per se* amounts to "a judicial holding that gays and lesbians, merely because of their sexual orientation, belong in the same class as criminals" in the court of public opinion.  *Stern*, 645 F. Supp. 2d at 275; *see also Albright*, 321 F. Supp. 2d at 139 (a finding that an accusation of homosexuality is defamatory *per se* "link[s]" homosexual persons "to the category of persons deserving of social approbation like a thief, murderer, prostitute, etc.") (quotation marks omitted); *Laguerre*, 192 A.D.3d at 130 (a finding that accusations of homosexuality can be defamatory *per se* "would equate statements imputing homosexuality with accusations of serious criminal conduct or insinuations that an individual has a loathsome disease").  As one court put it, "[t]o suggest that homosexuals should be put into this classification is nothing short of outrageous," and would be the equivalent of finding that a false allegation of being an African American was defamatory *per se*.  *Albright*, 321 F. Supp. 2d at 139.  This Court should come to the same conclusion.

### 4.      Royall Has Not Alleged Specific Harm

Since Royall has not pled a claim for defamation *per se*, he "must allege some specific harm and the actual pecuniary loss arising from that harm."  *Xereas v. Heiss*, 933 F. Supp. 2d 1, 19 (D.D.C. 2013).  "Special harm, also known as 'special damages,' are limited to 'actual pecuniary loss, which must be specially pleaded and proved.'"  *Id*. (quoting *F.A.A. v. Cooper*, 566

U.S. 284, 295 (2012)).  Conclusory allegations of harm and/or risk of future harm are insufficient to meet this burden.  *See id*. ("Simply asserting the risk of future harm is insufficient. [Plaintiff] must allege some specific harm and the actual pecuniary loss arising from that harm."); *Smith v. Clinton*, 253 F. Supp. 3d 222, 242 (D.D.C. 2017), *aff'd*, 886 F.3d 122 (D.C. Cir. 2018) (dismissing case where allegation of harm from alleged defamation was a "purely conclusory allegation"); *Franklin*, 875 F. Supp. 2d at 75 (dismissing case where allegation of harm was risk of harm to credit and no allegations of specific pecuniary losses were made).

Royall has not alleged any specific harm or specific pecuniary losses, pleading only generally that he "lost [unidentified] business opportunities," "faced [unspecified] scorn from his [unidentified] former co-workers and colleagues," and for some unknown reason "suffered embarrassment, humiliation, and distress" as a result of the alleged defamatory statement.  (ECF No. 1-2 at 7; *see also id*. at 9 (pleading in a conclusory manner that Royall suffered "actual damages" due to "injury to [his] reputation and harm to his career, as well as embarrassment, humiliation, and emotional distress.").)  These vague allegations are wholly insufficient and are similar to those made by other plaintiffs in cases finding a failure to plead actual damages so as to state a defamation claim.  *See Xereas*, 935 F. Supp. 2d at 19 (allegation that statement "harmed Plaintiff, his personal and professional reputation and his future business prospects" did not allege specific harm or pecuniary loss), *Smith*, 253 F. Supp. 3d at 222 (allegation that "[a]s a … result of [defendant's] statements, plaintiffs have suffered pecuniary damage" did not allege specific harm or pecuniary loss).  And "[w]ithout some specific claim of actual harm, [Royall] is doing nothing more than trading in the same kinds of stereotypes that recent case law and good sense disparage." *Albright*, 321 F. Supp. 2d at 139.  For these reasons, the Court should dismiss the Complaint.

## IV.     Conclusion

For the foregoing reasons, the Court should dismiss the Complaint.

Dated:  March 28, 2024                          Respectfully submitted,

                                                 */s/ James J. Murphy*
                                                 James J. Murphy, D.C. Bar No. 450432
                                                 Christopher M. Cascino (*pro hac vice* pending)
                                                 Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
                                                 1909 K Street NW, Suite 1000
                                                 Washington, D.C. 20006
                                                 (202) 877-0855
                                                 james.murphy@ogletree.com
                                                 chris.cascino@ogletree.com
                                                 Attorneys for Defendants CARL HILLARD and
                                                 ECKERD YOUTH ALTERNATIVES, INC. DBA
                                                 ECKERD CONNECTS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of March, 2024, I caused a copy of the

foregoing Statement of Points and Authorities in Support of Defendants' Motion to Dismiss, to be

served via U.S. Mail, first-class postage pre-paid, and with the Clerk of the Court using the ECF

system, which will send notification of such filing to the following:

Charles M. Royall, Plaintiff, Pro Se
12703 Radburn Place
Fort Washington, MD 20744
Charles_Royall@comcast.net

                                                 */s/ James J. Murphy*
                                                 *Attorney for Defendants*