**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **CHARLES MONTE ROYALL**, <br><br> Plaintiff, <br><br> v. <br><br> **CARL HILLIARD**, et al. <br><br> Defendants. | Case No. 24-cv-820 (CRC) |

<u>**MEMORANDUM OPINION**</u>

Pro se Plaintiff Charles Monte Royall brings this defamation claim against Defendants
Carl Hilliard and Eckerd Youth Alternatives, Inc.  Royall alleges that Hilliard, his former
supervisor at Eckerd, defamed him by asking him to staff a Department of Labor event honoring
the plaintiffs in <u>Bostock v. Clayton County</u>, 590 U.S. 644 (2020).  Defendants have moved to
dismiss.  Because Royall does not state a plausible defamation claim, the Court will grant
Defendants' motion.

**I.    Background**

The Court takes the following facts from Royall's complaint as true.  <u>See Jerome Stevens</u>
<u>Pharms., Inc. v. FDA</u>, 402 F.3d 1249, 1253–54 (D.C. Cir. 2005).

Royall is a management accountant and former employee of Eckerd Youth Alternatives,
Inc. ("Eckerd"), a Florida-based nonprofit offering juvenile justice and other youth services.
Compl., ECF No. 1-2, at 4; About Us, Eckerd, https://eckerd.org/about-us/our-history.[1]  On
October 10, 2023, Royall attended a meeting with Eckerd Executive Director Carl Hilliard and

---

[1] Because the Complaint does not consistently use paragraph numbers, the Court will cite
to page numbers of the Complaint instead.

other Eckerd employees.  Id. at 4–5.  At one point during the meeting, Hilliard allegedly said:

"[S]ome gays [sic] guys took a case to the Supreme Court and they won.  The Department of

Labor [DOL] is having an Induction Ceremony for them on October 18th.  Mr. Royall, I want

you to handle this.  I plan to spend $1,500 on food."  Id. at 5.

Royall later learned that the Supreme Court case referenced by Hilliard was Bostock v.

Clayton County, 590 U.S. 644 (2020).  Id.  He contends that by making this statement, Hilliard

falsely "outed the Plaintiff [] as a Homosexual/Gay [defamation of character], and in front of 15

of the Plaintiff's co workers[.]"  Id.  That afternoon, Royall says he contacted a coworker who

told him that Hilliard "should not have included that into today's Staff Meeting because it had

nothing to be with Job Corps and us[.]"  Id. at 6.

In February 2024, Royall sued Eckerd and Hilliard in the District of Columbia Superior

Court, alleging that Hilliard's statement was "defamatory per se" and caused him to suffer

$100,000 in damages.  Id. at 7, 9.  Defendants removed to federal court.  This Court has diversity

jurisdiction over Royall's claims because complete diversity of citizenship exists between the

parties and the amount in controversy is more than $75,000.[2]

Defendants have moved to dismiss all claims.  Royall opposes.  The Court will grant

Defendants' motion.

## II.    Legal Standards

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

---

[2] Royall is a citizen of Maryland, while Hilliard is a citizen of Virginia and Eckerd is incorporated under and has its principal place of business in Florida.  Compl. at 1; Notice of Removal, ECF No. 1, at 3–4; id. Ex. C ("Luecke Decl."), ECF No. 1-4, at ¶¶ 2–3; id. Ex. D ("Hilliard Decl."), ECF No. 1-5, at ¶ 2.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  A court "must treat the complaint's factual allegations as true and must grant plaintiff the benefit of all inferences that can be derived from the facts alleged."  Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (cleaned up).  Although a complaint need not provide "detailed factual allegations" to withstand a 12(b)(6) motion, it must offer "more than labels and conclusions."  Twombly, 550 U.S. at 555.  Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers," so long as the pleading contains "factual matter" that allows the Court to "infer more than the mere possibility of misconduct."  Atherton v. D.C. Off. of Mayor, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (citation omitted).

Because the Court is sitting in diversity, it applies the law of the forum, the District of Columbia.  See Steorts v. Am. Airlines, Inc., 647 F.2d 194, 196–97 (D.C. Cir. 1981).

### III.  Analysis

A defamation claim under D.C. law requires allegations:

> (1) that the defendant made a false and defamatory statement concerning the plaintiff; (2) that the defendant published the statement without privilege to a third party; (3) that the defendant's fault in publishing the statement amounted to at least negligence; and (4) either that the statement was actionable as a matter of law irrespective of special harm or that its publication caused the plaintiff special harm.

Florio v. Gallaudet Univ., 619 F. Supp. 3d 36, 43 (D.D.C. 2022) (citing Close It! Title Servs., Inc. v. Nadel, 248 A.3d 132, 139 (D.C. 2021)), aff'd, 119 F.4th 67 (D.C. Cir. 2024).  District of Columbia courts have held that a defamation claim survives a Rule 12(b)(6) motion to dismiss only if "the contested statements are both verifiable and reasonably capable of defamatory

meaning." <u>Franklin v. Pepco Holdings, Inc. (PHI)</u>, 875 F. Supp. 2d 66, 74 (D.D.C. 2012) (citation omitted).

Here, Royall points to no statement by Defendants that is either false or defamatory.  The only statement Hilliard allegedly made about Royall was: "Mr. Royall, I want you to handle this"—referring to the Department of Labor's induction ceremony for the <u>Bostock</u> plaintiffs. Compl. at 5.  That statement merely expresses Hilliard's intention that Royall "handle" the ceremony.  Mot. to Dismiss at 4.  It does not "imply a provably false fact, or rely upon stated facts that are provably false," and therefore is not actionable.  <u>Florio</u>, 619 F. Supp. 3d at 46 (citing <u>Guilford Transp. Indus., Inc. v. Wilner</u>, 760 A.3d 580, 597 (D.C. 2000)).

Nor is Hilliard's statement "reasonably capable of defamatory meaning." <u>Franklin</u>, 875 F. Supp. 2d at 74 (citation omitted).  Royall argues that by asking him to handle the event, Hilliard falsely accused him of being gay.  Compl. at 5.  But no reasonable person could interpret Hilliard's statement that way.  Mot. to Dismiss at 5.  Although <u>Bostock</u> concerned the Title VII rights of homosexual (and transgender) employees, it is an illogical leap to infer from this that everyone involved in <u>Bostock</u>-related events shares that sexual orientation.  And "an implied defamatory meaning" may not "be manufactured from words not reasonably capable of sustaining such meaning." <u>Deripaska v. Associated Press</u>, 282 F. Supp. 3d 133, 148 (D.D.C. 2017).

Royall offers several surrounding facts that do not change that conclusion.  He notes that he did not work at the Department of Labor, could not enter the building, and had "absolutely nothing to do with scheduling events" there.  Compl. at 5.  Although those facts may indicate

that Royall was not the best choice for the job, they do not necessarily support the inference that by selecting Royall, Hilliard publicized his sexual orientation.[3]

But even if the Court, relying on Royall's and Eckerd's apparent lack of connection to Department of Labor events, agreed that Hilliard's statement somehow implied that Royall is gay, his claim would fail nonetheless.  Contrary to Royall's argument, a statement implying that Royall is gay is not defamatory per se.  See Mot. to Dismiss at 6–8; contra Compl. at 7.  The Court agrees with the precedent holding that in modern society, statements "are not defamatory per se merely because they impute homosexuality" to the plaintiff.  Stern v. Cosby, 645 F. Supp. 2d 258, 275 (S.D.N.Y. 2009); see Cornelius-Millan v. Caribbean Univ., Inc., 261 F. Supp. 3d 143, 155–56 (D.P.R. 2016) (citing cases); Albright v. Morton, 321 F. Supp. 2d 130, 136–39 (D. Mass. 2004), aff'd sub nom. Amrak Prods., Inc. v. Morton, 410 F.3d 69 (1st Cir. 2005).

To be sure, Royall's argument carries some historical force.  See Obergefell v. Hodges, 576 U.S. 644, 660–61 (2015) (noting the nation's long history of criminalizing same-sex intimacy).  But, as other courts have recognized, the nation thankfully has seen "a veritable sea change in social attitudes about homosexuality" in recent decades.  Stern, 645 F. Supp. 2d at 273. That understanding is not least supported by recent decisions of the Supreme Court, which interpreted Title VII to ban employer discrimination based on sexual orientation, recognized a constitutional right to same-sex marriage, and struck down laws criminalizing same-sex intimacy.  Bostock, 590 U.S. at 683; Obergefell, 576 U.S. at 675; Lawrence v. Texas, 539 U.S. 558, 578 (2003).  In doing so, the Supreme Court observed the growing recognition that "sexual

---

[3]  In his opposition, Royall also argues that Hilliard terminated him two days after making the allegedly defamatory statement for "consistently sleeping on the job."  Opp'n at 12. This allegation is not present in the complaint and is not relevant to Royall's defamation claim.

orientation is both a normal expression of human sexuality and immutable" and affirmed the "equal dignity" of same-sex couples.  <u>Obergefell</u>, 576 U.S. at 661, 681.

Against that backdrop, the Court concludes that statements imputing homosexuality are not defamatory per se.  Indeed, holding otherwise would seem to "validate" prejudices against gay and lesbian Americans and "legitimize relegating homosexuals to second-class status." <u>Albright</u>, 321 F. Supp. 2d at 138.

Because Hilliard's statement is not defamatory per se, Royall's claim survives only if he has alleged special harm supporting actual damages.  <u>Chandler v. Berlin</u>, 691 F. Supp. 3d 118, 128 (D.D.C. 2023).  Royall  has not done so here.  <u>See</u> Compl.[4]  The Court will therefore grant Defendants' motion to dismiss on that ground as well.

### IV.  Conclusion

For these reasons, the Court will grant Defendants' Motion to Dismiss.  A separate Order accompanies this opinion.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date: <u>November 18, 2024</u>

---

[4] Royall's vague reference to "lost business opportunities," Compl. at 7, does not suffice. <u>See Xereas v. Heiss</u>, 933 F. Supp. 2d 1, 19 (D.D.C. 2013).